AO 243 (Rev. 01/15)                                                                                          Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District U.S. DISTRICT COURT EASTERN DISTRICT OF WASHINGTON SEP – 1 2016 SEAN F. McAVOY, CLERK YAKIMA, WASHINGTON DEPUTY | |
|---|---|---|
| Name *(under which you were convicted)*: EMILY LOUISE HERNANDEZ STEPNEY | | Docket or Case No.: 1:14-CR-02100-SAB-2 |
| Place of Confinement: FEDERAL CORRECTIONAL INSTITUTION _ DUBLIN | | Prisoner No.: 17706-085 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* EMILY LOUISE HERNANDEZ STEPNEY | |

## MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

    (b) Criminal docket or case number (if you know): ___1:14-CR-02100-SAB-2___

2.  (a) Date of the judgment of conviction (if you know): ___OCTOBER 07, 2015___

    (b) Date of sentencing: ___OCTOBER 07, 2015___

3.  Length of sentence: ___120 MONTHS___

4.  Nature of crime (all counts):

    (1) 21 U.S.C. 841 (a)(1) & (b)(1)(B)(i) – POSSESSION WITH INTENT TO DISTRIBUTE HEROIN

    (2) 21 U.S.C. 841 (a)(1) & (b)(1)(A)(viii) – POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE

    (3) 18 U.S.C. 924 (c)(1)(A) – POSSESSION OF FIREARMS IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

5.  (a) What was your plea? (Check one)

    (1) Not guilty [X]          (2) Guilty [ ]          (3) Nolo contendere (no contest) [ ]

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

    (3) 18 U.S.C. 924 (c)(1)(A) – POSSESSION OF FIREARMS IN FURTHERANCE OF A DRUG TRAFFICKING CRIME

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury [ ]          Judge only [NA]

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes [ ]          No [X]

8.  Did you appeal from the judgment of conviction?          Yes [X]          No [ ]

AO 243 (Rev. 01/15)                                                                                                          Page 3

9.   If you did appeal, answer the following:

     (a)  Name of court:  U.S. DISTRICT COURT, EASTERN DISTRICT OF WASHINGTON

     (b)  Docket or case number (if you know):  1:14-CR-02100-SAB-2

     (c)  Result:  REFERRED TO U.S. APPELLATE COURT FOR THE NINTH CIRCUIT

     (d)  Date of result (if you know):  UNKNOWN

     (e)  Citation to the case (if you know):  UNKNOWN

     (f)  Grounds raised:

     NONE

     (g)  Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☒

          If "Yes," answer the following:

          (1)  Docket or case number (if you know):  NA

          (2)  Result:  NA

          (3)  Date of result (if you know):  NA

          (4)  Citation to the case (if you know):  NA

          (5)  Grounds raised:
               NONE

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
     Yes ☐     No ☒

11.  If your answer to Question 10 was "Yes," give the following information:

     (a)  (1)  Name of court:  NA

          (2)  Docket or case number (if you know):  NA

          (3)  Date of filing (if you know):  NA

          (4)  Nature of the proceeding:  NA

          (5)  Grounds raised:  NA

Page 4

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☒

(7)  Result:  NA

(8)  Date of result (if you know):  NA

(b)  If you filed any second motion, petition, or application, give the same information:

(1)  Name of court: NA

(2)  Docket of case number (if you know):  NA

(3)  Date of filing (if you know):  NA

(4)  Nature of the proceeding:  NA

(5)  Grounds raised:

NONE

(6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐    No ☒

(7)  Result:  NA

(8)  Date of result (if you know): NA

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:  Yes ☐    No ☒ NA

(2)  Second petition:  Yes ☐    No ☒ NA

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

NA

12.  For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)                                                                                      Page 5

**GROUND ONE:**      INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

FAILED TO INFORM AND ADVISE DEFENDANT OF THE PURPOSE, CONTENTS AND RIGHTS
SPECIFIED WITHIN THE SPEEDY TRIAL ACT, CONSEQUENTLY DEFENDANT SIGNED A SPEEDY TRIAL
WAIVER MAKING HER DECISION MISINFORMED, ERRONEOUS AND INVOLUNTARY.

UNITED STATES v. JORDAN, 915 F.2D 563 (9th CIR. 1990)

UNITED STATES v. MARION, 404 U.S. 307, 92 S. CT. 455, 30 L.ED.2D 468 (1971)

(b) **Direct Appeal of Ground One:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐      No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT

(c) **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐      No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   UNKNOWN

Name and location of the court where the motion or petition was filed:

NA

Docket or case number (if you know):   NA

Date of the court's decision:   NA

Result (attach a copy of the court's opinion or order, if available):

NA

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐      No NA

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐      No NA

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐      No NA

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

NA

Docket or case number (if you know):   NA

Date of the court's decision:     NA

Result (attach a copy of the court's opinion or order, if available):

NA

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT.
WAS NOT FAMILIAR WITH FEDERAL CODES, FEDERAL COURT RULES OR SENTENCING
GUIDELINES.

**GROUND TWO:**    INEFFECTIVE ASSISTANCE OF COUNSEL

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

FAILED TO BROADLY INVESTIGATE AND CHALLENGE WETHER PROSECUTIONS "EVIDENCE",
OBTAINED PURSUANT TO A SEARCH WARRANT, WOULD SUFFICE TO UPHOLD INDICMENT AND CONVICTION
HAD IT BEEN PRESENTED TO A GRAND JURY.

JACKSON v. VIRGINIA, 61 L.ED.2D 560, 443 U.S. 307

BRUTON v. UNITED STATES, 391 U.S. 123, 20 L.ED.2D 476, 88 S.CT. 1620 (1968)

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐       No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐       No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   NA

Name and location of the court where the motion or petition was filed:
NA

Docket or case number (if you know):   NA

Date of the court's decision:   NA

Result (attach a copy of the court's opinion or order, if available):
NA

---

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☒

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☒

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐     No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
NA
NA

Docket or case number (if you know):   NA

Date of the court's decision:   NA

Result (attach a copy of the court's opinion or order, if available):

NA

---

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT.
WAS NOT FAMILIAR WITH FEDERAL CODES, FEDERAL COURT RULES OR SENTENCING
GUIDELINES.

**GROUND THREE:**   INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
FAILED TO INVESTIGATE AND CHALLENGE THE VALIDITY OF SEARCH WARRANT.

(b)  **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☒

    (2)  If you did not raise this issue in your direct appeal, explain why:

        DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT

(c)  **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☒

    (2)  If you answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:  NA

    Name and location of the court where the motion or petition was filed:

    NA

    Docket or case number (if you know):  NA

    Date of the court's decision:  NA

    Result (attach a copy of the court's opinion or order, if available):

    NA

    (3)  Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☒

    (4)  Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☒

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☒

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    NA

    Docket or case number (if you know): NA

    Date of the court's decision:  NA

    Result (attach a copy of the court's opinion or order, if available):

    NA

AO 243 (Rev. 01/15)

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT.
WAS NOT FAMILIAR WITH FEDERAL CODES, FEDERAL COURT RULES OR SENTENCING
GUIDELINES.

---

**GROUND FOUR:**   INEFFECTIVE ASSISTANCE OF COUNSEL

---

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

FAILED TO INFORM AND ADVISE DEFENDANT SHE HAD THE RIGHT TO FILE A MOTION
TO DISMISS INDICTMENT, SUPRESS EVIDENCE AND SUPRESS SELF-INCRIMINATING STATEMENTS
BEFORE SIGNING A SPEEDY TRIAL WAIVER AND ENTERING A PLEA.

**ADDITIONAL GROUNDS ATTACHED....**

(b)  **Direct Appeal of Ground Four:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]    No [X]

(2)   If you did not raise this issue in your direct appeal, explain why:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL; DUE TO PLEA AGREEMENT

(c)  **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ]    No [X]

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:   NA

Name and location of the court where the motion or petition was filed:

NA

Docket or case number (if you know):  NA

Date of the court's decision:   NA

Result (attach a copy of the court's opinion or order, if available):

NA

AO 243 (Rev. 01/15)

(3)   Did you receive a hearing on your motion, petition, or application?

Yes ☐        No ☒

(4)   Did you appeal from the denial of your motion, petition, or application?

Yes ☐        No ☒

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐        No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

NA

Docket or case number (if you know):   NA

Date of the court's decision:   NA

Result (attach a copy of the court's opinion or order, if available):

NA

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

DID NOT KNOW I COULD; WAIVED MY RIGHT TO APPEAL, DUE TO PLEA AGREEMENT.
WAS NOT FAMILIAR WITH FEDERAL CODES, FEDERAL COURT RULES OR SENTENCING
GUIDELINES.

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NO - NA

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?        Yes ☒        No ☐

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

UNSURE

ATTACHMENT 1

GROUND FIVE: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    FAILED TO THOROUGHLY INFORM AND ADVISE DEFENDANT OF THE SIGNIFICANCE
OF A "BINDING" PLEA AGREEMENT. THEREFORE INADEQUATELY INFORMED OR
ADVISED OF THE ENTIRETY, DESIREABILITY AND/OR CONSEQUENCES OF SUCH AN
OFFER, DEFENDANTS DECISION WAS MADE MISINFORMED, MISLEAD, ERRONEOUS AND
INVOLUNTARY.

GROUND SIX: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    FAILED TO INFORM AND ADVISE DEFENDANT SHE HAD THE RIGHT TO FILE A MOTION
TO SUPPRESS THE VOLUNTARINESS OF SELF-INCRIMINATING STATEMENTS, WITHOUT
COUNSEL PRESENT, MADE TO DEA AGENTS/OFFICIALS PRIOR TO THE COMMENCEMENT
SEARCH OF THE HOME BUT DURING THE EXECUTION OF THE SEARCH WARRANT FOR
THE PROPERTY.

GROUND SEVEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    FAILED TO INVESTIGATE AND CHALLENGE IF PROSECUTION HELD SUFFICIENT
EVIDENCE TO UPHOLD CONVICTION FOR THE FIREARM OFFENSE, BASED ON THE
CODES "PREDICATE", SHOULD IT HAVE PROCEEDED TO TRIAL.
      BAILEY v. UNITED STATES, 516 U.S. 137, 133 L.ED.2D 472, 116 S.CT. 501
      (1995)

GROUND EIGHT: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    FAILED TO OBJECT AND CHALLENGE TO IMPOSING SENTENCE, AT SENTENCING
HEARING, WHEN JUDGE ORALLY PRONOUNCED HE WOULD MUCH RATHER SENTENCE
DEFENDANT TO THE STATUTORY MINIMUM OF FIVE YEARS, QUESTIONING WETHER
PLEA AGREEMENT WAS ADEQUATELY ACCEPTED AND REVIEWED BY COURT ON THE
COURT RECORD BEFORE PROCEEDING TO SENTENCING.

GROUND NINE: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    COUNSELS DILIGENCE SHOULD HAVE SUGGESTED TO INVESTIGATE POSSIBLE
PROSECUTORIAL MISCONDUCT, IF NOT FOR COUNSELS VAGUE FAMILIARITY WITH
FEDERAL CRIMINAL PROCEDURE, IN REGARDS TO HOW THE CASE WAS INITIATED,
HANDLED AND CONDUCTED THROUGHOUT ITS PROCEEDINGS.

GROUND TEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

    FAILED TO INFORM, ADVISE AND OR INVESTIGATE DEFENDANTS CASE AT LENGTH
TO DETERMINE THE BENEFICENCE OF FILING A MOTION FOR SEVERANCE.

ATTACHMENT 2

GROUND ELEVEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO INVESTIGATE AND FAMILIARIZE WITH FEDERAL CRIMINAL CODE AND
RULES AND WITH THE UNITED STATES SENTENCING COMMISSION GUIDELINES, POLICY
STATEMENTS AND COMMENTARY THAT COULD HAVE AFFECTED AND EFFECTED DEFENDANTS
CASE FOR A FAVORABLE, REASONABLE AND JUST DISPOSITION. THEREFORE, INDUCING
COUNSELS DILIGENCE OF SUCH FAMILIARITY VAGUE.

GROUND TWELVE: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO DILIGENTLY INVESTIGATE, CALCULATE AND PRESENT DEFENDANTS CORRECT
AND TRUE OFFENSE LEVEL AND CRIMINAL HISTORY POINTS THAT COULD HAVE POSITIVELY
IMPACTED THE DEFENDANTS CASE FOR A JSUT AND REASONABLE SENTENCE.

GROUND THIRTEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO INFORM OR ADVISE DEFENDANT SHE HAD THE RIGHT TO MOTION TO SURPPRESS
"EVIDENCE" SEIZED FROM DEFENDANTS RESIDENCE PURSUANT TO A SEARCH WARRANT.

GROUND FOURTEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO INFORM OR ADVISE DEFENDANT SHE HAD THE RIGHT TO FILE A MOTION
TO RETURN PROPERTY, THEREFORE FAILING TO INVESTIGATE AND OR CHALLENGING
THE SEIZURE AND FORFEITURE PURSUANT TO A SEARCH WARRANT.

GROUND FIFETEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO INVESTIGATE DEFENDANTS QUALIFICATION FOR THE "SAFETY VALVE",
NOT GIVING THE DEFENDANT THE OPPORTUNITY TO RECIEVE APPLICABILITY OF
CREDIT.

GROUND SIXTEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO INVESTIGATE DEFENDANTS CASE AT LENGTH TO DETERMINE QUALIFICATION
FOR ACCEPTANCE OF RESPONSIBILITY, THUS FAILING TO ALLOW THE DEFENDANT ANY
APPLICABILITY TO RECEIVE CREDIT.

GROUND SEVENTEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO CHALLENGE PROSECUTIONS UPWARD DEPARTURE, VIA PLEA AGREEMENT,
FOR THE FIREARM CHARGE.

GROUND EIGHTTEEN: <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>
FAILED TO REQUEST OR MOTION FOR PROSECUTION TO PROVIDE AND/OR ALLOW DEFENDANT
TO BE FURNISHED WITH COPIES OF THE DISCOVERY DOCUMENTS.

AO 243 (Rev. 01/15)

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

UNKNOWN

(b) At the arraignment and plea:

UNKNOWN

(c) At the trial:

N/A

(d) At sentencing:

KEN THERRIEN

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:   N/A

(c) Give the length of the other sentence:   N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒ N/A

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

AO 243 (Rev. 01/15)                                                                                    Page 12

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
      (1)   the date on which the judgment of conviction became final;
      (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                                            Page 13

Therefore, movant asks that the Court grant the following relief:

SENTENCE BE VACATED, SET ASIDE OR CORRECTED

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on   AUGUST 25, 2016
                                                                        (month, date, year)

Executed (signed) on   AUGUST 25, 2016                          (date)

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.