UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>     v.<br><br>EMILY LOUISE HERNANDEZ-STEPNEY,<br><br>                     Defendant. | No.  1:14-cr-02100-SAB<br>No.  1:16-cv-03158-SAB<br><br>**ORDER RE DEFENDANT'S<br>28 U.S.C. § 2255 MOTION** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 101. This motion was heard without oral argument and the Court did not order service on the United States pursuant to 28 U.S.C. 2255(b) because "the files and the records of the case conclusively show" that Defendant is not entitled to relief.

## BACKGROUND

On May 7, 2015, Defendant pled guilty to Count 3 of the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. ECF No. 49. She waived her appeal rights and right to collaterally attack the conviction and sentence under 28 U.S.C § 2255, except for ineffective assistance of counsel claims based on facts discovered after the plea and sentencing. ECF No. 49 at 11. The Court accepted Defendant's guilty plea, finding that it was voluntary and not induced by fear, coercion, or ignorance, and set a date for sentencing.

//

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** + 1

On October 9, 2015, the Court entered judgment sentencing defendant to 120 months with credit for time served. ECF No. 86. Defendant filed a notice of appeal on December 21, 2015. ECF No. 95. On April 19, 2016, the Ninth Circuit Court of Appeals issued a mandate dismissing Defendant's appeal for failure to prosecute. ECF No. 99. Defendant subsequently filed a motion to dismiss appeal with this Court, which was dismissed as moot. ECF Nos. 100, 103. On September 1, 2016, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming her sentence should be vacated based on ineffective assistance of counsel. ECF No. 101.

## § 2255 Standard

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence; or

(3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

Pursuant to § 2255, the federal district court reviews the motion, attached exhibits, and the record of prior proceedings to determine if these documents "conclusively show that the prisoner is entitled to no relief." *Id.* If no relief is available, the petition is dismissed; otherwise, "the court shall cause notice thereof to be served upon the United States Attorney." *Id.* Rule 4(b), Rules Governing Section 2255 Proceedings, provides that "[i]f it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief," the court may dismiss a § 2255 petition summarily. "If the petition is not

//

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** + 2

dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The harmless error review standard applies to § 2255 motions. *United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003) (holding that *Brecht's* harmless error standard applies to habeas cases under § 2255). Under *Brecht*, a constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

## ANALYSIS

Each of Defendant's grounds for relief are framed as ineffective assistance of counsel claims. In order to establish a claim for ineffective assistance of counsel, Defendant must demonstrate that (1) counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s first prong requires that a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* In order to establish prejudice under the second prong of *Strickland*, Defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). In this context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** + 3

Defendant's arguments that counsel's performance was deficient are unpersuasive in light of the Rule 11(c)(1)(C) plea agreement. ECF No. 49. Nonetheless, even had Defendant sufficiently alleged that counsel's performance fell below an objective standard of reasonableness, Defendant has failed to allege that she suffered any prejudice as a result of counsel's deficient performance.

In the context of ineffective assistance of counsel claims, the United States Supreme Court has upheld denials of evidentiary hearings on habeas petitions on the ground that the petitioner failed to specifically allege prejudice. *See Hill*, 474 U.S. 52. Thus, in order to demonstrate prejudice under *Strickland*, Defendant must, at minimum, allege "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. In the context of her guilty plea, Defendant must establish that there is a "reasonable probability" that she "would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Nowhere in Defendant's Petition does she allege that the outcome of the proceedings against her would have been different but for counsel's alleged errors. Indeed, the Petition is devoid of allegations that Defendant would not have entered a guilty plea but for counsel's alleged erroneous advice or that Defendant would have received a lesser sentence but for counsel's various alleged errors. Because "it plainly appears from the face of the motion and the prior proceedings in the case that the movant is not entitled to relief," Rule 4(b), Rules Governing Section 2255 Proceedings, Defendant's motion to vacate sentence is denied.

//
//
//
//
//
//

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** *+ 4*

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 101, is **DENIED**.

The District Court Clerk is hereby directed to enter this order and provide copies to counsel and the Defendant.

**DATED** this 28th day of October 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER RE DEFENDANT'S 28 U.S.C. § 2255 MOTION** + 5