FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 25, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>EMILY LOUISE HERNANDEZ-STEPNEY,<br>    Defendant. | No. 1:14-cr-02100-SAB-2<br><br>**ORDER DENYING DEFENDANT'S MOTIONS** |

Before the Court are Defendant's Motion for Consideration to Amend and Stay of Original 28 U.S.C. § 2255 Motion, ECF No. 111, and Defendant's Motion for Discovery, "Change of Plea" and "Sentencing" Hearing(s) Transcripts with Access to Court Records *In Forma Pauperis*, ECF No. 112. The motions were considered without oral argument.

Defendant is proceeding *pro se*. On December 1, 2016, she filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 101. The Court dismissed her motion. ECF No. 104. Defendant now argues she should be granted leave to amend her original § 2255 motion to correct deficiencies in her claims pursuant to Federal Rule of Civil Procedure 15. ECF No. 111 at 1. Defendant further argues that she should be provided access to transcripts from her change of plea and sentencing hearings to

**ORDER DENYING DEFENDANT'S MOTIONS * 1**

ascertain how her counsel's alleged deficiencies prejudiced her in order to amend her original § 2255 motion. ECF No. 112 at 1. Having considered the motions and the applicable caselaw, the Court **denies** Defendant's motions.

## Background

On May 7, 2015, Defendant pled guilty to Count 3 of the Indictment pursuant to a Rule 11(c)(1)(C) plea agreement. ECF No. 49. She waived her appeal rights and right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255, except for ineffective assistance of counsel claims based on facts discovered after the plea and sentencing. ECF No. 49 at 11. The Court accepted Defendant's guilty plea, finding that it was voluntary and not induced by fear, coercion, or ignorance, and set a date for sentencing.

On October 9, 2015, the Court entered judgment sentencing Defendant to 120 months with credit for time served. ECF No. 86. Defendant filed a notice of appeal on December 21, 2015. ECF No. 95. On April 19, 2016, the Ninth Circuit Court of Appeals issued a mandate dismissing Defendant's appeal for failure to prosecute. ECF No. 99. Defendant subsequently filed a motion to dismiss appeal with this Court, which was ultimately dismissed as moot. ECF Nos. 100, 103.

On September 1, 2016, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming her sentence should be vacated because she received ineffective assistance of counsel. ECF No. 101. On October 28, 2016, the Court denied the motion on two grounds. ECF No. 104. First, the Court denied the motion because Defendant's arguments that counsel's performance was deficient was unpersuasive considering her Rule 11(c)(1)(C) plea agreement. *Id.* at 4. Second, the Court concluded that Defendant failed to allege that she suffered any prejudice as a result of counsel's deficient performance as required by *Strickland v. Washington*. *Id.* The Court did not issue a certificate of appealability in this order. *Id.*

**ORDER DENYING DEFENDANT'S MOTIONS * 2**

On October 30, 2018, Defendant mailed a letter that the Court construed as a motion for a certificate of appealability. ECF No. 105. The Court denied the motion. ECF No. 107. Defendant then filed a motion with the Ninth Circuit Court of Appeals seeking permission to file a second or successive § 2255 motion in the district court. The Court of Appeals denied the motion in July 2019. ECF No. 110. Defendant filed the instant motions on August 5, 2019. ECF Nos. 111, 112.

## Discussion

1. Motion for Consideration to Amend and Stay of Original § 2255 Motion

Defendant seeks to amend her original *pro se* § 2255 petition pursuant to Fed. R. Civ. P. 15. As with other *pro se* filings, a court must construe *pro se* habeas filings liberally. *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002); *United States v. Seesing*, 234 F.3d 456, 462 (9th Cir. 2001) ("Pro se complaints and motions from prisoners are to be construed liberally."). Under Rule 15, courts are required to allow *pro se* parties to amend their motions "with extreme liberality" unless it is absolutely clear that deficiencies in the complaint cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

A party may amend its pleading as a matter of course within twenty-one days after service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only with the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). However, the court should freely give leave to amend when justice so requires. *Id.* In order to be timely, a motion to amend will relate back to the date of the original filing if the law that provides the applicable statute of limitations allows relation back, the amendment asserts a claim or defense that arose out of the transaction or occurrence set out (or attempted to be set out) in the original pleading, or the amendment merely changes the party or name of the party against whom the claim is asserted. Fed. R. Civ. P. 15(c)(1).

**ORDER DENYING DEFENDANT'S MOTIONS * 3**

1 Furthermore, a petitioner who seeks to amend her § 2255 petition must meet
2 additional requirements. In addition to satisfying Rule 15, a defendant filing a
3 motion to amend a § 2255 motion must comply with the Anti-Terrorism and
4 Effective Death Penalty Act (AEDPA). A motion to amend a § 2255 petition that is
5 still pending in the district court is not itself a second or successive petition barred
6 by AEDPA. *Woods v. Carey*, 525 F.3d 886, 890 n. 3 (9th Cir. 2008). In contrast, a
7 motion to amend a § 2255 petition that has already been ruled on by the district
8 court does constitute a second or successive habeas petition. *Beaty v. Schriro*, 554
9 F.3d 780, 783 n. 1 (9th Cir. 2009). If the court determines that the motion to amend
10 is not barred as a second or successive habeas petition, the court has discretion to
11 decide whether the motion to amend should be granted. *Woods*, 525 F.3d at 890.

12 Defendant filed her original § 2255 petition on August 25, 2016. ECF No.
13 101, and her claims were denied by this Court in October 2016, ECF No. 104.
14 Defendant did not file this motion to amend until August 2019, ECF No. 111.
15 While this three-year delay is not in itself grounds for denial, it is nonetheless
16 relevant in determining whether justice requires the Court to allow amendment.
17 *See, e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.
18 1990).

19 Although Defendant seeks to amend her original claims, Defendant brought
20 this motion long after this Court had already adjudicated that motion. *See* ECF No.
21 104. Defendant was denied a certificate of appealability, ECF No. 107, and the
22 Ninth Circuit Court of Appeals denied her petition to file a second or successive
23 habeas petition, ECF No. 110. Furthermore, Defendant did not appeal the 2016
24 denial of her original petition, and the window for appeals under Federal Rule of
25 Appellate Procedure 4(a)(6) has passed. *See, e.g.*, *United States v. Winkles*, 795
26 F.3d 1134, 1144 (9th Cir. 2015). Based on this record, amendment is not
27 appropriate here. Unlike in *Woods*, where the district court should have construed a
28 second *pro se* habeas petition as a motion to amend the still pending first petition,

**ORDER DENYING DEFENDANT'S MOTIONS * 4**

Defendant's claim was not brought while the original § 2255 petition was still pending. Because Defendant's motion to amend was not brought while her original petition was still pending, her motion constitutes a second or successive habeas petition. Thus, despite the liberal reading of *pro se* petitions and the liberal standards of Rule 15, the Court denies Defendant's Motion to Amend.

2. <u>Motion for Discovery for Discovery, "Change of Plea" and "Sentencing" Hearing(s) Transcripts with Access to Court Records *In Forma Pauperis*</u>

Because the Court denies Defendant's Motion to Amend, the Court need not consider the merits of Defendant's Motion for Discovery, "Change of Plea" and "Sentencing" Hearing(s) Transcripts with Access to Court Records *In Forma Pauperis*, ECF No. 112. With the denial of Defendant's Motion to Amend, there will be no pending motions in this case that would justify granting the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Consideration to Amend and Stay of Original 28 U.S.C. § 2255 Motion, ECF No. 111, is **DENIED**.

2. Defendant's Motion for Discovery, "Change of Plea" and "Sentencing" Hearing(s) Transcripts with Access to Court Records *In Forma Pauperis*, ECF No. 112, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to counsel, and close the file. The Court certifies that an appeal of this Order would not be taken in good faith.

**DATED** this 25th day of October 2019.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS \* 5**