FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 20, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EMILY LOUISE HERNANDEZ-STEPNEY,<br><br>    Defendant. | No. 1:14-CR-02100-SAB-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A)** |

    Before the Court is Defendant's Motion for Reduction of Sentence and Compassionate Release to 18 U.S.C. § 3582(c)(1)(A), ECF No. 120. The motion was considered without oral argument. The Government is represented by Thomas Hanlon and Defendant is represented by Tim Nguyen. Defendant requests the Court reduce her sentence to home confinement or time served due to her health conditions and the need to provide childcare for her son, who is currently being cared for by family who do not want to care for him any longer. The Government opposes the motion. Having reviewed the briefing and the applicable law, the Court denies the motion.

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A) * 1**

On October 7, 2015, Defendant was sentenced to 120 months incarceration, followed by 4 years of supervised release, pursuant to a Rule 11(c)(1)(C) plea agreement. She pled guilty to Possession of Firearms in Furtherance of a Drug Trafficking Crime. ECF Nos. 86, 88. She is currently confined in FDC SeaTac and her projected release date is June 27, 2024. According to the Presentence Investigation Report, ECF No. 68, and the Plea Agreement, ECF No. 49, the Drug Enforcement Administration received information that Defendant and her boyfriend were selling heroin. The DEA executed a search warrant at Defendant's home and discovered methamphetamine, heroin, nearly $32,000 in cash, two digital scales, a stolen Beretta 9mm pistol with two magazines, and a stolen Springfield Armory .45 pistol with a loaded magazine. They also found two children in the residence. Defendant told law enforcement that she obtained the guns "for protection" to be used during drug transactions.

On July 6, 2020, Defendant filed her request for compassionate release with BOP. ECF No. 120-4. In her request, she identified a number of ailments, including major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, hypertension, chronic knee and hip pain, and childhood asthma. She also notified BOP that she has a 14-year-old son; he is currently being cared for by Defendant's mother, but she is no longer able to properly care for him to due to his behavioral issues. Defendant's request was denied on July 15, 2020. ECF No. 120-4 at 4. The response specified that Defendant did not meet the criteria for compassionate release because she did not provide proper documentation to support her claim that her parents were unable to care for her son. The response also specified that her request for compassionate release due to COVID-19 was rejected because her medical conditions did not put her at severe risk, and because fear of exposure to or contraction of COVID-19 is not grounds for release. *Id.* at 5.

On September 25, 2020, the Federal Defenders of Eastern Washington contacted BOP for copies of Defendant's records after she reached out to the FDO

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A) * 2**

for assistance in filing a motion with the Court. On October 8, 2020, the FDO filed an *ex parte* motion for appointment of counsel before Magistrate Judge Dimke, indicating that the FDO had identified a conflict of interest and requesting that CJA counsel be appointed on Defendant's behalf. ECF No. 117. On October 9, 2020, Magistrate Judge Rodgers granted the motion, ECF No. 118, and Tim Nguyen was appointed, ECF No. 119. Since filing the instant motion, Defendant has tested positive for COVID-19.

The Government opposes the motion. It argues that Defendant has failed to demonstrate that extraordinary and compelling reasons justify a sentence reduction at this point, as none of her documented health conditions constitute qualifying conditions that would put her at a heightened risk for severe illness or death if she were to contract COVID-19. The Government also argues that Defendant fails to show that resentencing her to a sentence of time served would serve the sentencing goals of § 3553.

Defendant brings her motion pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Under this provision of the First Step Act, an incarcerated person can seek compassionate

---

[1] (c) Modification of an imposed term of imprisonment. -- The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
            (i) extraordinary and compelling reasons warrant such a reduction; or
            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and

release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). She may be eligible for compassionate release if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction, she is determined not to pose a risk of danger to the community, and a sentence reduction is consistent with United States Sentence Commission policy statements. *Id.* The Sentencing Guidelines instruct the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and provide that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

The parties agree that Defendant has satisfied any exhaustion requirements.

However, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons that would justify a sentence reduction to time served. Defendant argues that she has several medical conditions that put her at risk of serious illness if she were to contract COVID-19, including major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, hypertension, and childhood asthma. She states that she is afraid of contracting COVID-19. She also argues that prison inmates are at a uniquely high risk of infection and illness because jails and prisons are unable to properly mitigate risk or allow for proper social distancing. Despite this, Defendant's health conditions are not terminal conditions or conditions that prevent her from taking care of herself. *See* U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Moreover, fears of contracting COVID-19 while incarcerated, while valid, are not sufficient to establish an extraordinary or

---

    a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A) * 4**

compelling reason to warrant a sentence reduction. *Compare United States v. Gonzalez*, 451 F. Supp. 3d 1194 (E.D. Wash. 2020) (granting motion for compassionate release based on COVID-19 pandemic where defendant was over 60 years old and diagnosed with emphysema and COPD) *with United States v. Carver*, --- F. Supp. 3d ---, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020) (denying motion for compassionate release where defendant was not a member of the at-risk age category and did not suffer from serious underlying health conditions). Defendant has not shown that any of her conditions would put her at a significant risk of serious illness or death.

      Finally, the Court finds that the § 3553(a) sentencing factors do not favor resentencing Defendant to home confinement or time served. First, Defendant was sentenced below the guideline range pursuant to a binding Rule 11(c)(1)(C) plea agreement, suggesting that her sentence was the minimal sentence necessary to effect just punishment and protect the community from Defendant's criminal conduct. Second, Defendant has not shown that she is not a danger to the safety of the community. Although the Court commends her for the positive progress she has made during incarceration, Defendant has prior convictions for vehicular assault, and the fact that the instant charges involved drugs and firearms in a home with children worries the Court. Finally, insofar as Defendant argues that she should be released to allow her to care for her child now that her mother is unwilling to do so, Defendant has not shown that another family member could not care for him until her release.

      Thus, the Court finds that Defendant has failed to meet her burden to justify resentencing or compassionate release. The motion is denied.

//
//
//
//

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A) * 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Reduction of Sentence and Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 120, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and Bureau of Prisons.

**DATED** this 20th day of January 2021.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE TO 18 U.S.C. § 3582(C)(1)(A) * 6**