FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EMILY LOUISE HERNANDEZ-STEPNEY,<br><br>    Defendant. | No. 1:14-CR-02100-SAB-2<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)** |

Before the Court is Defendant's Renewed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 139. The motion was considered without oral argument. Defendant is represented by Walter Ayers. The United States is represented by Thomas Hanlon.

Ms. Hernandez-Stepney requests the Court reduce her sentence to home confinement or time served due to the need to provide childcare for her son N.S.,[1] who is currently being cared for by family who either do not want to provide

---

[1] To protect the privacy of this individual, the Court utilizes his initials in accordance with Federal Rule of Civil Procedure 5.2(a)(3).

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) \* 1**

childcare for him any longer or appear to be unable to adequately supervise him. The United States opposes the motion. Having carefully reviewed and considered the parties' briefing and applicable caselaw, the Court denies the motion.

## Background

According to the Presentence Investigation Report, ECF No. 68, and the Plea Agreement, ECF No. 49, the Drug Enforcement Administration ("DEA") received information that Ms. Hernandez-Stepney and her boyfriend were selling heroin. The DEA executed a search warrant at Defendant's home and discovered methamphetamine, heroin, nearly $32,000 in cash, two digital scales, a stolen Beretta 9mm pistol with two magazines, and a stolen Springfield Armory .45 pistol with a loaded magazine. They also found two children in the residence. Defendant told law enforcement that she obtained the guns "for protection" to be used during drug transactions.

On October 7, 2015, this Court sentenced Ms. Hernandez-Stepney to 120 months of incarceration, followed by a four-year term of supervised release, for the charge of Possession of Firearms in Furtherance of a Drug Trafficking Crime. ECF Nos. 82, 88. Ms. Hernandez-Stepney was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement with the United States. ECF Nos. 49, 51, 88. At the time of sentencing, the Court considered both upward and downward adjustments of the jointly-recommended sentence of 120 months. ECF No. 138 at 7, 8. Ms. Hernandez-Stepney is currently confined in FDC SeaTac and her projected release date is June 27, 2024.  ECF No. 139 at 2.

On July 6, 2020, Defendant filed a request for compassionate release with the U.S. Bureau of Prisons ("BOP"). ECF No. 120-4. In her request, she identified a number of ailments, including major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder, hypertension, chronic knee and hip pain, and childhood asthma. She also notified BOP that, at that time, she had a 14-year-old son who was being cared for by her mother, but that her mother was no longer

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) * 2**

able to properly care for him to due to his behavioral issues. Defendant's request was denied by BOP on July 15, 2020. ECF No. 120-4 at 4. BOP's response specified that Defendant did not meet the criteria for compassionate release because she did not provide proper documentation to support her claim no one else was able to care for her son. The response also specified that her request for compassionate release due to COVID-19 was rejected because her medical conditions did not put her at severe risk, and because fear of exposure to or contraction of COVID-19 was not grounds for release. *Id.* at 5. The parties agree that Ms. Hernandez-Stepney exhausted the administrative remedies for a compassionate release request, as required by 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 120, 121.

Ms. Hernandez-Stepney filed her first motion for reduction of sentence and compassionate release on December 10, 2020. ECF No. 120. The Court denied the motion on January 20, 2021 on several grounds. ECF No. 124. In its Order, the Court found that Defendant had not demonstrated extraordinary and compelling reasons to justify a sentence reduction to time served, as (1) her health conditions were not terminal conditions or conditions that prevent her from taking care of herself, (2) the 18 U.S.C. § 3553(a) sentencing factors did not favor resentencing as she did show that she was not a danger to the safety of the community, and (3) she did not demonstrate that another family member could not care for her son until her release. *Id.* at 5.

## Legal Standard

Generally, a federal court "'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, Congress provided an exception for compassionate release under 18 U.S.C. § 3582(c)(1)(A), upon which Defendant brings the present motion. Under this provision, and by subsequent amendment from the First Step Act of 2018, an incarcerated person can seek compassionate release after

exhausting administrative remedies within the BOP. 18 U.S.C. § 3582(c)(1)(A). An incarcerated individual may be eligible for compassionate release if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and after considering the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."

The United States Sentencing Guidelines provide that a district court should consider the sentencing factors under § 3553(a) when deciding a motion brought by the BOP for compassionate release. U.S.S.G. § 1B1.13. The United States Court of Appeals for the Ninth Circuit has recently clarified that U.S.S.G. § 1B1.13 is not an "applicable policy statement" for a 18 U.S.C. § 3582(c)(1)(A) motion filed by a defendant, but rather, only applicable to deciding a motion brought by the BOP on a defendant's behalf. *United States v. Arruda*, 993 F.3d 797, 798 (9th Cir. 2021). Accordingly, while the guidance under § 1B1.13 may inform the district court on motions brought by a defendant, the guideline is not binding on this Court.

### Discussion

As an initial matter, the Court finds that Ms. Hernandez-Stepney has exhausted the administrative appeal requirements under 18 U.S.C. § 3582(c)(1)(A) and her motion is properly before the Court.

In her renewed motion, Defendant contends that extraordinary and compelling circumstances warrant a sentence reduction to time served, or alternatively a modification to home confinement, because of the lack of adequate supervision of her fifteen-year-old child N.S. ECF No. 139 at 10. She contends that N.S. has experienced several problems since her incarceration, which have exacerbated under the custody of her mother's boyfriend, Mr. Gabriel Guevara. *Id.* Defendant argues that the best interests of the child, and consequential impact on society at large, warrant a sentence reduction so she may "care for her son and ensure that he becomes a productive member of society." *Id.* at 11–12, 20. She argues that no one else in her close or extended family can take care of N.S. due to

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) * 4**

his behaviors, *id.* at 10, and also that the § 3553(a) factors indicate that she is no longer a danger to the community, *id.* at 15.

The United States opposes the motion. It primarily argues that Defendant has failed to demonstrate that extraordinary and compelling reasons justify a sentence reduction. The government contends that the only enumerated example of an extraordinary and compelling circumstance under the United States Sentencing Guidelines that is similar to the present circumstance is where early release may be triggered upon the death or incapacitation of the caregiver of the defendant's minor child or minor children; however, in this case, Defendant has not represented that her child's caregiver is incapacitated, and her only argument is that she feels she could do a better job than her current caregiver. ECF No. 143 at 4 (citing U.S.S.G. § 1B1.13 cmt. n.1(C)(i)). The United States also argues that Defendant failed to show that resentencing her to time served would serve the sentencing goals of § 3553(a), as she has not demonstrated, *inter alia*, that she is not a danger to the safety of any other person or to the community.

In this case, the Court denies Defendant's renewed motion because Defendant has not demonstrated that extraordinary and compelling circumstances exist or that the § 3553(a) factors support modification of the sentence imposed.

First, the Court finds that Defendant did not meet her burden of proof that extraordinary and compelling circumstances warrant a sentence reduction or modification. Based on the record, the Court does not doubt that Ms. Hernandez-Stepney could likely provide adequate, and possibly superior, care for N.S. as compared to his current caretaker. However, Defendant's unique ability to effectively parent N.S. does not constitute an "extraordinary and compelling circumstance" to warrant a modification of her sentence. The Court was unable to independently locate, and Defendant did not cite to, any case where a district court granted compassionate release because a defendant's child would receive better guidance or supervision from the defendant rather than a legal or appointed

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) * 5**

caretaker. Defendant's citations to the best interests of N.S.—while sincere and artfully pled—are unpersuasive because the standard only applies to proceedings under Chapters 26.09 and 13.34 of the Revised Code of Washington, and are properly considered by Washington state courts, not federal district courts.

Second, the Court finds that the § 3553(a) factors do not support reconsideration of the sentence imposed. The Court now has a more complete record of Ms. Hernandez-Stepney's willingness to comply, and her significant progress during incarceration strongly indicates that she is no longer a danger to others or the community. But the Court already considered the remaining § 3553(a) factors when fashioning Defendant's current sentence, and they are undisturbed and weigh in favor of retaining the sentence imposed. Specifically, the Court considered that Ms. Hernandez-Stepney and her boyfriend created a very dangerous situation having two young children living in the house alongside stolen guns and large quantities of drugs. ECF No. 138 at 8. The term of incarceration imposed is substantial but reflects the seriousness of the crime and nature and circumstances of the offense. For these reasons, the § 3553(a) factors still support the sentence imposed. The Court finds that Defendant has failed to meet her burden to justify resentencing or compassionate release, and the motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Renewed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 139, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and the U.S. Bureau of Prisons.

**DATED** this 8th day of September 2021.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) * 6**